# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN D. HOWELL,<br><br>　　　　　Defendant. | Case No. 1:18-po-00405-SAB<br><br>ORDER FOR COMPETENCY EVALUATION |

## I.

## BACKGROUND

On December 6, 2018, a citation was filed against Jonathan D. Howell ("Defendant") charging him with a violation of 38 C.F.R. § 1.218(b)(12), failure to depart premises. (ECF No. 1.) The matter was set for a bench trial on January 17, 2019. (ECF No. 3.) Due to concerns regarding Defendant's possible sentence, the Court requested that the Federal Defender's Office be present to represent Plaintiff.

Plaintiff appeared on January 17, 2019, and withdrew his request for trial and the trial date was vacated. The Court requested Defendant fill out a financial affidavit for the appointment of counsel and he refused to complete any documents. The Court appointed counsel and asked Defendant to step out of the court with counsel so she could present his financial status verbally. Upon returning to the courtroom, Defendant refused the appointment

1

1 of counsel. The Court ordered a further status conference on January 29, 2019, and Defendant
2 stated that he might not appear due to the Court having the authority to arrest him. Due to
3 outstanding state warrants, Defendant was placed under arrest. Defense counsel requested that
4 Defendant be released with a promise to appear, but the Court denied the request based upon his
5 prior statement that he did not know if he would appear at a future hearing and because there
6 were outstanding state warrants for his arrest.

7 On January 29, 2019, Defendant was present at roll call; however, he left the courtroom
8 prior to the start of court. A bench warrant was issued for his arrest.

9 Defendant appeared in custody on January 30, 2019 after his arrest on the Court's bench
10 warrant. Counsel Jeffrey Spivak appeared for the Government and counsel Hope Alley appeared
11 with Defendant. Defendant was ordered detained based on being a flight risk. A further status
12 conference was set for January 31, 2019, for the parties to address whether there are conditions
13 that could insure his appearance in court.

14 A status conference was held on January 31, 2019. Counsel Jeffrey Spivak was present
15 for the Government. Counsel Hope Alley was present with Defendant and represented that she
16 and other counsel for her office have attempted to communicate with Defendant and have
17 determined that he is not competent to assist in his defense.

## II.

## DISCUSSION

20 The Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4248 addresses the mental
21 competency of a defendant. Section 4241 provides that any time after commencement for
22 prosecution of an offense and prior to sentencing, the defendant or counsel for the Government
23 can file a motion for a hearing to determine the defendant's mental competency. 18 U.S.C. §
24 4241(a). The court can order on its own a competency hearing where there is reasonable cause
25 to believe that the defendant may be suffering from a mental disease or defect that renders him
26 mentally incompetent to the extent that he is unable to understand the nature and consequences
27 of the proceedings or to properly assist in his defense. 18 U.S.C. § 4241(a).

28 The statute provides that prior to the hearing, the court may order a psychological

examination of the defendant pursuant to section 4247(b) and (c). 18 U.S.C. § 4241(b). For purposes of examination under section 4241 the court may commit the individual for a reasonable examination not to exceed 30 days. 18 U.S.C. § 4247(b). The psychological examination shall be conducted in a suitable facility closest to the court. 18 U.S.C. § 4247(b). The facility can apply for a reasonable extension not to exceed 15 days. 18 U.S.C. § 4247(b).

It has long been established that an individual who is mentally incompetent cannot be held to stand for trial. "Failure to follow procedures adequate to protect a defendant's right not to be tried while incompetent violates the defendant's due process rights, and a conviction of a legally incompetent defendant will not stand." 40 Am. Jur. Proof of Facts 2d 171 § 1 (Originally published in 1984). Further, "[c]ompetency of a defendant to stand trial, plead guilty, or be sentenced is jurisdictional and cannot be waived by the defendant." Id.

In this instance, the Court finds sufficient evidence to question Defendant's competency to stand trial. Specifically, the statements made by Defendant during the course of these proceedings, his leaving prior to the start of proceedings on January 29, 2019, and defense counsel's representation that she has determined that he is unable to assist in his defense of this matter. While there is substantial evidence of incompetence to raise a reasonable doubt about Defendant's competence to stand trial, Chavez v. United States, 656 F.2d 512, 517 (9th Cir. 1981), there is also evidence that Defendant is competent and that his conduct may be volitional, therefore a competency hearing is required.

Defendant seeks to have the Court declare him incompetent based on his medical records, the declaration of his sister, and counsel's representation that he is unable to assist with his defense. However, finding an individual to be incompetent limits his right to make decisions based on his mental disability. "Due process requires that any doubt regarding the defendant's competence be examined and evaluated by experts before proceeding with trial." 40 Am. Jur. Proof of Facts 2d 171 § 2 (citing People v. Harris, 14 Cal.App.4th 984 (1993)). Neither counsel, Defendant's sister, nor the Court are medical experts that are qualified to make a determination on his mental competence. The evidence before the Court is insufficient for the Court to determine Defendant's mental competency.

Defendant also seeks to be released to pursue mental health treatment on an outpatient basis. However, in this instance, Defendant has shown that he presents a risk of failure to appear. Defendant stated at the January 17, 2019 hearing that he might not come back to court. He came to court but left on January 29, 2019. Further, while counsel argues that Defendant "might" attend treatment, the Court finds that the evidence demonstrates that he will not comply with an order to pursue treatment if he were to be released. See United States v. Berrios, 120 F. App'x 218 (10th Cir. 2005) (unpublished) (not an abuse of discretion to commit defendant to custody of attorney general for mental examination where specific behavior called into question the defendant's mental competency).

Accordingly, Defendant shall be ordered into the custody of the Attorney General for the purpose of conducting a psychological examination pursuant to section 4247. If the parties are able to present an option which would allow Defendant to have a psychological examination locally, this matter may be set back on calendar for the Court to consider the issue.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to 18 U.S.C. §§ 4241 and 4247(b), the defendant is to be committed to the custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period, but not to exceed thirty days. Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the court.

2. The director of the facility may apply for a reasonable extension, but not to exceed fifteen additional days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

3. The psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist or, if appropriate, by more than one such examiner.

4. The psychiatrists or psychologists at the designated facility are ordered to file a psychiatric or psychological report with the court, with copies provided to the counsel for the defendant and the attorney for the government. The report shall

        include the information required by 18 U.S.C. § 4247 (c), to wit;

        a.    The defendant's history and present symptoms;

        b.    A description of the psychiatric, psychological and medical tests that were employed and their results;

        c.    The examiner's opinion as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5.    The defendant is ordered to provide any medical documentation in his custody, if any can be located, that is relevant to his examination to the U.S. Marshal's Service in Fresno, California, by **Friday, February 8, 2019.** Upon receipt of this documentation, the U.S. Marshal's Service will forward it to the Bureau of Prisons so the Bureau can determine a proper facility by which to place the defendant for this examination.

6.    The defendant shall remain in custody through the completion of his examination. The parties shall promptly ask that these matters be calendared on the court's next available date upon his release from the Bureau of Prisons back to the custody of the U.S. Marshals. Counsel for the parties shall next appear in this court for a status conference **April 4, 2019, at 10:00 a.m.** If the parties determine that more time is necessary for the competency examination to conclude before this date, they may file a stipulation stating the reasons by this date should be continued.

IT IS SO ORDERED.

Dated:   **January 31, 2019**                                      _/s/_
                                                                                 UNITED STATES MAGISTRATE JUDGE